UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

EMANUEL JOSEPH BAKER                                                            PLAINTIFF

v.                                                          CIVIL ACTION NO.  1:21-CV-P80-GNS

CASEY VENSEL *et al.*                                                          DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983.  This

matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the

reasons set forth below, this action will be dismissed.

**I. SUMMARY OF COMPLAINT**

Plaintiff Emanuel Joseph Baker is incarcerated as a convicted prisoner at the Warren

County Regional Jail (WCRJ).  He names the following WCRJ officials as Defendants in this

action – Deputy Casey Vensel; Deputy Dylan Kendrick; Captain Lindsey Cooper; Major Jason

Rigsby; and Jailer Stephen Harmon.

Plaintiff alleges that on March 31, 2021, Defendant Vensel yelled "chow time" as he

opened Plaintiff's cell door to deliver sack lunches to Plaintiff and his cellmates.  Plaintiff states

that he asked Defendant Vensel not to use that term because it "references farm animals and dogs

– an altogether degrading connotation."  Plaintiff alleges that Defendant Vensel told Plaintiff to

"stop being disrespectful" and then looked at Plaintiff and the "only other African American" in

the cell and stated "[t]his is why I act the way I act to 'you people.'"

Plaintiff states that he asked Defendant Kendrick if he could speak to the "Captain on

shift" because Defendant Vensel "had been racially discriminative against me" and that

Defendant Kendrick responded that he had not heard any racial slurs.  Plaintiff states that he was

later informed that his request to speak to Defendant Cooper, the second shift captain, had been related to her but that she had declined to speak to Plaintiff regarding the incident.

Plaintiff states that he then filed a grievance and received an unsigned response stating that his grievance was being investigated and that someone would speak to Defendant Vensel. Plaintiff states that he believes the response was written by Defendant Rigsby since he "responds to most if not all grievances." Plaintiff states that when he received no more information, he filed an "appeal" to which Defendant Harmon responded by stating: "Disciplinary action was taken and counseling was provided. This is the extent of what I can share with you regarding staff matters."

Plaintiff concludes by stating that the WCRJ "is an institution [] to which discrimination is intentionally disregarded and avoided" and that because of this he cannot "with any actual certainty eat food provided, and not imagine some form of tampering, for some form of bile, like that which might be fed to swine in slop during 'chow' time . . ." and that he now eats food from the commissary when he can afford it.

Based on these allegations, Plaintiff states that Defendants have violated his rights under the Equal Protection Clause of the Fourteenth Amendment. As relief, Plaintiff seeks damages and "expungement of his record, release on parole."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Equal Protection Clause of the Fourteenth Amendment provides that a State may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To establish a violation of the Equal Protection Clause, a plaintiff must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* at 265-66. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011).

Here, Plaintiff alleges that Defendant Vensel discriminated against by using the phrase "chow time" when delivering lunches to the inmates in Plaintiff's cell and stating, "[t]his is why I act the way I act to 'you people'" after Plaintiff complained about the use of that phrase. The Court cannot discern how the use of the phrase "chow time" constitutes a racial slur in the context described by Plaintiff since Plaintiff indicates that Defendant Vensel used the term while providing lunches to inmates in a cell that contained both African-American and non-African-American inmates. However, even if the Court construes the phrases "chow time" and "[t]his is why I act the way I act to 'you people'" as racial slurs, this does not constitute evidence to support a claim that Defendant Vensel intentionally discriminated against Plaintiff on the basis of his race by either direct or indirect evidence. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012) (discussing the distinction between direct and indirect methods of proving discrimination).

With regard to direct evidence, courts have held that the isolated use of racially derogatory terms does not in and of itself constitute direct discrimination. *Lapointe v. United Autoworkers Local 600*, 8 F.3d 376, 380 (6th Cir. 1993); *see also Reed v. Unknown Merrian*, No. 1:20-cv-339, 2020 U.S. Dist. LEXIS 76896, at *9-10 (W.D. Mich. May 1, 2020) (holding that "the mere fact that Defendants called Plaintiff a racial slur on a single occasion is insufficient to show purposeful discrimination").

Plaintiff also fails to allege a *prima facie* claim under the indirect, burden-shifting framework of *McDonnell Douglas* because he does not allege that any Defendant treated differently white inmates who were similarly situated in all relevant respects. *See Umani*, 432 F. App'x at 458. As indicated above, Plaintiff specifically alleges that Defendant Vensel used the term "chow time" when dispensing lunches to both African-American and non-African-

American inmates.  As to the other Defendants, Plaintiff makes no allegation regarding how their response to the situation reported by Plaintiff was different from their response to similar situations reported by non-African-American inmates.

Plaintiff's claims against the Defendants who allegedly failed to adequately respond to his complaint about Defendant Vensel also fail because government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Finally, Plaintiff's statement that he now fears that his food is being tampered with is purely speculative and, therefore, does not support a plausible claim.  *See Iqbal*, 556 U.S. at 679 (noting that the allegations must permit a reasonably plausible inference of misconduct, rather than a "mere possibility" of misconduct).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss this action by separate Order for

failure to state a claim upon which relief may be granted.

Date: June 15, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4416.011

7